The Chief Justice
delivered the opinion of the court.
Thompson by his obligation bound himself to pay to Jewell, nine months after the date of the obligation, $81 50, provided Jewell should perform a tour of six month’s duty under capt. R. Scobre, and obtain for Thompson a legal discharge for said term. On this obligation Jewell brought an action for the recovery of $81 50; and in his declaration alledged that he did perform a six month’s tour of duty under capt. Scobre, and obtained for Thompson a legal discharge therefor. %
Thompson by his plea traversed this allegation, and issue was thereupon joined to the count. On the trial it appeared, that Jewell had, as the substitute of Thompson, marched under capt. Scobre to the place of rendezvous, was mustered into the service of the United States, and continued for about eighteen days, when he was discharged, peace having been declared; and that he had obtained from his commanding officer a discharge for Thompson, for a tour of six month’s duty. On this evidence Thompson’s counsel moved the court to instruct the jury that they ought not to find for Jewell, because the precedent condition upon which the payment of the $81 50 was to be made, had not been performed; but the court refused to give the instruc *196 tion, (Jedding that Jewell’s having remained in service urn til he was discharged by his commanding officer, was in law a good performance of his covenant and undertaking.
Where issue is tafeen uponan aver-performance ofacondition precedent, cuse for nonperformance, does n°'®U.P sue. 18
Widdiffe for appellant.
Thompson excepted, and a verdict and judgment having been given against him, he has brought the case to this court by writ of error.
We have no doubt that the circuit court erred in its decision. That which is not a performance in fact of a covenant or condition cannot in strict propriety be denominated ⅞ performance in law. It may, indeed, amount in law to an excuse for the non-performance; but assuming the discharge of Jewell to be of that character, (and whether it *s or cot we d° not think material now to determine) still the jury would not have beep authorised to find a verdief him. For where there is, as in this case, an averment the performance of the covenant or condition, and issue is taken upon that averment, and evidence of matter which operates only as a legal excuse for non-performance, is produced, it cannot support the issue, as was held by this court in the case of Miller vs. Alcorn, 3 Bibb, 367.
The judgment must be reversed with costs, and the cause remanded, that new proceedings may be had not inconsistent; yvith this opinion.