[Sac. No. 1809.   Department One.—October 1, 1910.]

In the Matter of the Estate of ADAM WARNER, Deceased, KATIE WARNER, Appellant, v. ADAM J. WARNER, Respondent.

ESTATE OF DECEASED PERSON—RIGHT OF ADMINISTRATION—RELINQUISH-
    MENT OF RIGHT BY ANTE-NUPTIAL AGREEMENT—LAW OF CASE—

APPEAL.—On a contest between a widow and the son of a deceased person as to the right to act as administrator of his estate, in which the son bases his claim of prior right of administration upon an ante-nuptial agreement between the deceased and the widow, wherein she relinquished her rights of succession in consideration of certain covenants to be performed by him, a decision of the district court of appeal, on a prior appeal, construing the ante-nuptial agreement, and holding that the widow might still claim her rights as heir, upon showing the failure of her husband to perform material covenants on his part, becomes the law of the case, and binding on a subsequent appeal.

ID.—FAILURE OF HUSBAND TO PERFORM COVENANT—SUPPORT AND EDUCATION OF WIFE'S DAUGHTER.—A finding that the deceased had fully performed a covenant of the ante-nuptial agreement whereby he obligated himself to support and properly educate the minor daughter of his wife is not sustained by the evidence, when it appears that such daughter, who was less than twelve years of age at the date of the agreement, was, almost immediately after the marriage, sent out to work for her living under conditions which made it impossible for her to attend school.

ID.—WAIVER OF PERFORMANCE—FINDING OF PERFORMANCE.—Waiver of performance is not the same thing as performance, and proof of it will not support a finding of performance.

ID.—EVIDENCE OF WAIVER CANNOT SUPPORT JUDGMENT BASED ON FINDING OF PERFORMANCE.—Conflicting evidence offered at the trial of the contest, tending to show that the wife had waived the performance by her husband of the covenants of the ante-nuptial agreement, cannot, in the absence of a finding of such waiver, support a judgment determining that she had lost her right to administer on his estate, which was based upon an unsupported finding that he had performed the covenants of the agreement.

ID.—COVENANT THAT WIFE SHALL RECEIVE MONEY FROM ESTATE—WIFE BECOMES CREDITOR.—A provision in the ante-nuptial agreement that the wife was, upon the death of the husband, to receive "from his estate, without any administration, the sum of $1,000," did not obligate him to provide that sum by will or by other affirmative means. It simply made her a creditor, and authorized collection of her claim in the mode applicable to creditors of estates.

APPEAL from an order of the Superior Court of Sacramento County granting letters of administration, and from an order refusing a new trial. J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

Hiram W. Johnson, and A. A. De Ligne, for Appellant.

A. L. Shinn, and W. F. Renfro, for Respondent.

SLOSS, J.—Adam Warner having died intestate, a contest over the right to act as administrator of his estate arose between Katie Warner, his widow, and Adam J. Warner, his son. The superior court made an order granting letters of administration to the son, and the widow appeals from the order, and from an order denying her motion for a new trial.

Where the surviving wife is entitled to succeed to some portion of the personal estate, she has a preferential right to letters. (Code Civ. Proc., sec. 1365.) The right of the widow in this case was disputed on the ground that she had, by an antenuptial agreement, surrendered her right of succession to any part of Adam Warner's estate. The agreement in question was in writing. It provided that, in consideration of the covenants to be performed on the part of the appellant (then Mrs. Heidt) Warner agreed to care for, keep, maintain, and support her and her minor child, and to properly educate said child, so long as the said appellant should be a good, faithful, and dutiful wife to him, and also to pay her one hundred dollars per annum, and that, at his death she should "receive from his estate, without any administration, the sum of one thousand dollars." Each of the parties relinquished any and all claims to the property of the other, either as heir or otherwise.

This agreement was set up by the son in his own petition for letters, and also in his contest to the widow's petition. In both of these pleadings he averred the full performance of the terms of the agreement by Adam Warner. The widow filed an answer to the contest, and in this she denied the allegation of performance and alleged more specifically, that Adam Warner had failed and refused to support or educate her minor child, and had failed to provide the sum of one thousand dollars to be paid to her at his death. She also set up that the agreement was, as the result of fraud or misrepresentation on the part of Adam Warner, so drawn as not to express her intention, and that the consideration was inadequate as to her.

The findings were in favor of the respondent on all these issues. So far as the charges of fraud and inadequacy of consideration are concerned, the findings are clearly sustained by the evidence. Even if we adopt the appellant's view that the contracting parties occupied such a relation to each other as to

make the agreement presumptively invalid, in so far as it assumed to confer any benefit upon Adam Warner, the testimony regarding the circumstances under which the agreement was made fully justified the trial court in finding that the nature and extent of the property rights of the two parties, and of the effect of the agreement, were fully known and understood by Mrs. Heidt, and that the provision made for her was a proper and fair one and was accepted as such.

But the appellant further attacks, as unsupported by the testimony, the finding that Adam Warner had performed all the conditions of the contract. That this was a finding on a material issue is put beyond controversy now by reason of the decision in *Estate of Warner*, 6 Cal. App. 361, [92 Pac. 191]. That was an earlier appeal in this very proceeding. The court below had sustained a demurrer to the widow's answer to the son's opposition and had granted letters to the son. On the appeal of the widow the judgment was reversed, the appellate court holding that the allegation of non-performance on the part of the decedent raised a material issue. "We think," says the court, "that where a woman in an ante-nuptial contract releases all her rights in the property of her intended husband as his heir, in consideration of his doing certain things, if he fails to perform material covenants on his part, she may show this and still claim her rights as heir." This declaration, affecting a point directly involved, is binding upon this appeal as the law of the case.

The testimony contained in the record shows without conflict that one of the substantial obligations assumed by Adam Warner in his contract was not fulfilled by him. The agreement bound him to support and properly educate the minor child of the appellant. The child, a daughter, was less than twelve years of age at the date of the agreement. Almost immediately after the marriage, she was sent out to work for her living under conditions which made it impossible for her to attend school. The finding that Adam Warner fully performed the terms of the agreement is, therefore, not sustained by the evidence. There was, to be sure, testimony which would have warranted the trial court in finding that performance in this respect was waived by the appellant. Such a finding might have been regarded as within the issues on the ground that Mrs. Warner, in her answer, alleged affirmatively the

failure to perform, and the adverse party would under our system of pleading, which does not allow a replication, have been entitled to prove anything which would overcome the effect of affirmative matter of defense. Without passing on this question, which may hereafter be obviated by amendment, we shall assume that the pleadings were such as to authorize the respondent to show that the appellant had consented to Warner's treatment of her daughter. But the admissibility of evidence to show a waiver of performance does not meet the point that such waiver is not the same thing as performance, and proof of it will not support a finding of performance. (*Thompson* v. *Jewell*, 8 Ky. 195; *Colt* v. *Miller*, 10 Cush. (Mass.) 48; *Palmer* v. *Sawyer*, 114 Mass. 1; *Shinn* v. *Haines*, 21 N. J. L. 340; *Crandall* v. *Clark*, 7 Barb. (N. Y.) 10.) While a sufficient excuse for non-performance will often confer upon a party the same rights that he would have had upon performance, the distinction between the two remains a substantial one. "The rule is fundamental," said this court in *Daley* v. *Russ*, 86 Cal. 114, [24 Pac. 867], "that the complaint must allege either performance or a valid excuse for non-performance. One is not the same as the other. And if the plaintiff did not perform the contract, but relies upon the consent of the defendants as an excuse, he must set forth the excuse in his complaint." (See, also, *Poheim* v. *Meyers*, 9 Cal. App. 31, 37, [98 Pac. 65]; *Seebach* v. *Kuhn*, 9 Cal. App. 485, [99 Pac. 723].) If, as is thus held. a party relying upon an excuse for non-performance must allege his excuse in order to have a basis for proof, it necessarily follows that evidence of such excuse will not support a finding that he has performed. In the case before us the evidence concerning the appellant's waiver of the obligation to support and educate her child was sharply conflicting. On this issue the court has not found, and we cannot, of course, supply a finding. The finding of performance, which was made, would have sustained the judgment, but since this finding is contrary to the evidence there must be a new trial.

As a guide to the lower court upon a retrial of the issues we may add that the part of the agreement providing that the appellant was, upon Warner's death, to receive "from his estate, without any administration, the sum of $1,000" is not in our opinion to be interpreted as requiring Warner to provide

this sum by will, or by other affirmative means. It made her a creditor, and authorized collection of her claim in the mode applicable to creditors of estates. The phrase "without any administration" is given full effect by reading it as allowing the appellant to receive the sum in advance of complete administration and distribution of the estate. As a creditor she could so receive it.

There are no other points requiring notice.

The judgment and the order denying a new trial are reversed.

Angellotti, J., and Shaw, J., concurred.