[L. A. No. 4481. Department One.—August 12, 1918.]

# HENRY KROTZER, Respondent, v. STEPHEN A. D. CLARK, Appellant.

ACTION TO ANNUL CONTRACT OF SALE—INTERLOCUTORY JUDGMENT—APPEAL.—An interlocutory judgment entered in an action to annul a contract for the sale of real property and to quiet plaintiff's title thereto providing that the plaintiff should within a limited time tender the defendant a deed, and that if defendant should fail within a designated time thereafter to make the payments provided in the contract the plaintiff's title should be quieted, is not an appealable order.

ID.—CERTIFICATE OF TITLE OF STREETS—NONPERFORMANCE OF CONTRACT—UNWARRANTED FINDING.—In an action by a vendor to annul a contract for the sale of real property, which contract required him to furnish a certificate of title showing the names and widths of all streets and roads touching the property, a finding that plaintiff had fully performed all the terms and conditions of the contract on his part to be performed is unwarranted where no such a certificate was furnished, notwithstanding it was also found that plaintiff's inability to comply with such requirement was due to the refusal of the title company to certify to the names and widths of the streets and roads because of the fact that there was no instrument of record showing such matters.

ACTION UPON CONTRACT — PERFORMANCE — EXCUSE FOR NONPERFORMANCE—PLEADING AND EVIDENCE.—In an action upon a contract, the plaintiff must allege and prove either performance or a valid excuse for nonperformance, and accordingly proof of a valid excuse for nonperformance will not support a finding of performance.

ACTION TO ANNUL CONTRACT OF SALE—ENCUMBERED TITLE—UNWARRANTED FINDING OF PERFORMANCE OF CONTRACT.—In an action by a vendor to annul a contract for the sale of real property providing that the property was to be conveyed free and clear of all roads, easements, or encumbrances, a finding that plaintiff had performed all the conditions of the contract on his part to be performed cannot be sustained where the plaintiff's title was subject to an easement for a pipe-line, and there was no evidence that plaintiff had offered, or was able, to convey a title free and clear of encumbrances.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. John W. Shenk, Judge.

The facts are stated in the opinion of the court.

J. Wiseman Macdonald, and Thomas A. Berkebile, for Appellant.

C. A. Stice, for Respondent.

SLOSS, J.—After the trial the interest of Henry Krotzer, the original plaintiff, was assigned to Sidney Luther, who has been added as a respondent. We shall discuss the case as if Krotzer were the sole plaintiff.

On June 11, 1912, Krotzer made a written agreement for the sale of a parcel of land in Los Angeles County to the defendant, Clark, for four thousand one hundred dollars, of which fifty dollars was paid in cash, and the balance was to be paid in installments. One of the terms of the agreement was that the land was to be conveyed free and clear of all roads, easements, or encumbrances, "which shall be shown by an unlimited certificate of title, made by the T. I. and T. Co. [Title Insurance and Trust Company], of Los Angeles, California, showing the measurement of the land, names, and width of all streets, and roads touching the same, and a perfect title." The second amended complaint, upon which the plaintiff went to trial, was framed on the theory that the title was defective in that one of the conveyances in plaintiff's chain of title contained certain restrictions relative to the buildings to be placed upon the land, the drilling for oil, and the sale of liquor thereon; that plaintiff was unable to remove such restrictions, and had offered to restore to defendant fifty dollars, being all of the purchase price paid. The prayer of the complaint was that the contract be set aside and annulled, and that plaintiff's title be quieted. While the action was pending the parties endeavored to effect a compromise, and in the course of the negotiations the restrictions in question were removed by the voluntary action of the grantor named in the deed in which they were embodied. Supplemental amendments to the plaintiff's complaint were filed by leave of court, and findings in his favor followed. Upon these findings the court entered an interlocutory judgment decreeing that the plaintiff should within a limited time tender the defendant a deed and certificate of title, and providing that if defendant should for twenty days thereafter fail to make the payments provided for in the contract, the plaintiff should be entitled

to have his title quieted. Tender was made and refused, whereupon the court entered its final decree quieting title.

The defendant moved for a new trial, which was denied, and he now appeals from the order of denial. This is the only appeal which can be considered. There is, in the record, a notice of appeal from the interlocutory judgment, but it is not effectual for any purpose. The code authorizes appeals from interlocutory judgments in certain cases only. (Code Civ. Proc., sec. 963.) This is not one of such cases, and the court is, therefore, without jurisdiction of the attempted appeal. (*Illinois Trust & Sav. Bk.* v. *Alvord*, 99 Cal. 407, [33 Pac. 1132]; *Grey* v. *Brennan*, 147 Cal. 355, [81 Pac. 1014]; *Title Ins. & Trust Co.* v. *California Dev. Co.*, 159 Cal. 484, [114 Pac. 838].) The defendant did not appeal from the final judgment.

The second amended complaint alleges "that plaintiff has performed all the terms and conditions of the said agreement to be by him performed," and then goes on, somewhat inconsistently, to set forth his inability to give a title free and clear of the restrictions above referred to. The answer denies all of these allegations. By his supplemental amendments, plaintiff alleges that he has removed from the title all clouds and defects existing against it. It is further alleged that plaintiff had not, before the commencement of the action, tendered to the defendant an unlimited certificate of title or the deed required by the contract, and that his failure to do so was the result of the defendant's statement that he would not accept title in the form in which it then existed.

All of these allegations are found by the court to be true. The defendant assails some of the findings as unsupported by the evidence. The contract provided, as above stated, that plaintiff was to furnish a certificate of title showing the names and widths of all streets and roads touching the land. Concededly there was no compliance with this condition. The respondent points to certain evidence which, as he claims, tends to show that the performance of this term of the contract was not possible, for the reason that the names and width of the streets were not shown by any instrument of record, and that the Title Insurance and Trust Company, which was to furnish the certificate, would not certify to any matter not appearing in the public records of title. This circumstance may or may not have constituted a sufficient excuse, in law, for plaintiff's failure to furnish the certificate called for by his contract.

But certainly it did not warrant a finding that he had fully performed. It is thoroughly settled in this state that in an action upon a contract the plaintiff must allege and prove either performance or a valid excuse for nonperformance. "One is not the same as the other." (*Daley* v. *Russ,* 86 Cal. 114, [24 Pac. 867]; *Roche* v. *Baldwin,* 135 Cal. 522, [65 Pac. 459, 67 Pac. 903]; *Estate of Warner,* 158 Cal. 441, 445, [111 Pac. 352]; *Peek* v. *Steinberg,* 163 Cal. 127, 133, [124 Pac. 834].) Accordingly, proof of a valid excuse for nonperformance will not support a finding of performance. (*Estate of Warner, supra.*)

It may well be questioned whether the finding under discussion was sustained in other respects. The record indicates, if it does not show explicitly, that the plaintiff's title was subject to an easement for a pipe-line across one corner of the property. Such an easement constitutes an encumbrance, and the defendant was, under his contract, entitled to a perfect title, free and clear of all easements or encumbrances. In the absence of evidence that plaintiff had offered, or at least, was able, to convey such a title, a finding that he had fully performed all of the terms of the agreement cannot be sustained.

It may be asked whether, if the plaintiff cannot make a good title, the defendant is in any way injured by a decree terminating the contract and restoring the parties to their original rights. But the findings, and the judgment finally given, are not based upon the theory that the plaintiff is unable to perfect his title. It is found that the plaintiff has done all that he is required to do, and that the defendant is in default. The defendant, throughout the litigation, seems to have taken the position that he was ready and willing to complete the purchase, upon receiving the perfect title for which he had contracted. Until such title had been tendered, or its tender excused, the defendant was not in default, and was entitled to retain whatever rights he had under the agreement. Before the plaintiff can terminate the right of purchase, he must allege and prove either that he has performed on his part or that, for reasons not attributable to his fault, he is unable to perform.

The appeal from the judgment is dismissed. The order denying a new trial is reversed.

Shaw, J., and Richards, J., *pro tem.,* concurred.