[S. F. No. 11011. In Bank.—January 16, 1926.]

## JASPER A. YOAKAM, Appellant, v. WALTER H. HOGAN, Respondent.

[1] NEW TRIAL — ORDER IN GENERAL TERMS — SUFFICIENCY OF EVIDENCE—APPEAL—PRESUMPTION.—Under section 657 of the Code of Civil Procedure, where the order granting the motion for a new trial is general, and does not specify that it is granted because of the insufficiency of the evidence, it will be presumed on appeal that the order was not based on that ground, and the appellate court is precluded from considering the question whether or not the evidence is sufficient to sustain the verdict, unless it is insufficient in law and without material conflict in any material point.

[2] ID.—SUFFICIENCY OF PLEADINGS—APPEAL.—The question of the insufficiency of the pleadings cannot be considered on an appeal from an order granting a new trial.

[3] CONTRACTS—EXCHANGE OF PROPERTIES—BREACH—LOSS OF RENT—DAMAGES — PLEADING — EVIDENCE. — In an action for damages for breach of a contract relating to the exchange of properties, loss of rental caused by defendant's delay in performing his part of the contract is a proper element of damages; and, while a claim for damages based upon a loss of rents should be specially pleaded, defendant will not be heard on appeal to contend that the complaint is insufficient in that particular where the complaint

---

1. See 2 Cal. Jur. 893.
2. See 2 Cal. Jur. 832; 2 R. C. L. 189.
3. See 8 Cal. Jur. 889; 8 R. C. L. 612.

alleges the loss of the use of the premises with the rental value thereof during the period of delay, and the trial proceeds on the theory that the question whether the premises could have been leased for the monthly rental alleged had the contract been performed is an issue in the case, and plaintiff testifies upon this subject without objection.

[4] ID. — FAILURE TO DELIVER FURNISHINGS — LIABILITY FOR VALUE — COST—EVIDENCE.—When defendant failed to carry out his contract to deliver the furnishings called for by the contract of exchange he became liable to plaintiff for the value thereof; and, in an action for damages for such breach of contract, plaintiff is properly permitted to testify as to the cost of procuring the articles agreed to be furnished by defendant, as such evidence of cost is evidence on the question of value.

[5] ID. — DAMAGE — EVIDENCE — ERROR WITHOUT PREJUDICE — NEW TRIAL.—In this action for damages for breach of a contract relating to the exchange of properties, the evidence of damage having been uncontradicted and, entirely aside from any incompetent testimony admitted by the trial court with reference to a claimed offer of compromise, having been sufficient to sustain the verdict of the jury, it could not be said that the admission of any such incompetent evidence resulted in a miscarriage of justice; and, therefore, the admission of such incompetent evidence did not justify the trial court in granting a new trial.

[6] ID.—ISSUES—PLEADING—EVIDENCE—CAUSE OF DELAY—DEMAND FOR PERFORMANCE—INSTRUCTIONS.—In such action, the answer having consisted of denials and affirmative allegations of full performance, and the defense that the delay was caused by extra work done at the instance of plaintiff and the latter's indecision as to whether the building should be altered for use as a hotel or apartment house not having been pleaded as a waiver of performance or as an excuse for delay, but there having been evidence in the record tending to show an interference by plaintiff with the conduct of the work on the building, the court did not err in instructing the jury that if it found that defendant failed without fault on the part of plaintiff to perform the agreement within the time limited by the contract it would be its duty to ascertain the damage, if any, suffered by plaintiff, and to determine the amount which would compensate him for all detriment proximately caused by such failure, where the jury was further instructed that if it found that the delay was caused by the fault of plaintiff, or that he prevented performance, he could not recover; and the

5.  See 20 Cal. Jur. 135; 20 R. C. L. 265.
6.  Demand as condition precedent to action, notes, 28 L. R. A. (N. S.) 626; 29 L. R. A. (N. S.) 232; 34 L. R. A. (N. S.) 154. See, also, 1 Cal. Jur. 340.

court properly ignored defendant's alleged defense that demand for performance was a condition precedent to plaintiff's right to sue.

(1) 4 **C. J.**, p. 669, n. 65, p. 785, n. 93 New.   (2) 4 **C. J.**, p. 669, n. 71.   (3) 3 **C. J.**, p. 727, n. 99; 17 **C. J.**, p. 1019, n. 12 New; 23 **C. J.**, p. 233, n. 35 New.   (4) 22 **C. J.**, p. 184, n. 43; 23 **C. J.**, p. 233, n. 37.   (5) 4 **C. J.**, p. 975, n. 88; 22 **C. J.**, p. 308, n. 76; 29 **Cyc.**, p. 780, n. 49.   (6) 23 **C. J.**, p. 232, n. 8, 10; 38 **Cyc.**, p. 1785, n. 90.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. Warren V. Tryon, Judge Presiding.   Reversed.

The facts are stated in the opinion of the court.

James F. Brennan and Alfred S. Humphreys for Appellant.

Waldo F. Postel and H. M. Anthony for Respondent.

WASTE, C. J.—In this action for damages for breach of contract relating to exchange of properties the jury returned a verdict for the plaintiff in the sum of $5,000. A motion by defendant for a new trial upon the grounds, (1) insufficiency of the evidence to justify the verdict, (2) that the verdict is against law, and (3) errors of law occurring at the trial and excepted to by defendant, was granted. The order was general and did not specify as a ground thereof the insufficiency of the evidence to sustain the verdict.   Plaintiff appeals from such order.

The parties during the month of August, 1921, agreed to an exchange of real property, consisting of a ranch in Butte County owned by plaintiff, and two parcels of improved property in the city of San Francisco belonging to defendant, one situated at the corner of Larkin and O'Farrell Streets and the other at the corner of Waller and Stanyan Streets. The parcel last mentioned is in part designed for use as a hotel or rooming-house, and also includes flats with storerooms on the first floor of the building. Deeds were exchanged, followed by a delivery to plaintiff of possession of the parcel of San Francisco property first herein mentioned. As a part of the same transaction and supported by the same consideration an agreement in writing was

entered into dated August 12, 1921, by which defendant undertook to alter and to paint and tint portions of the hotel building, and further to place in the rooms thereof certain furniture, household furnishings, and utensils as specified in the agreement within sixty days from its date, all without expense to plaintiff. The hotel being at the time partially furnished, it was provided in the agreement that "all surplus carpets, beds and bureaus and chairs now in said building to be retained or disposed of by said Hogan (the defendant) for his own benefit and account." It was alleged by plaintiff that defendant failed to complete the alterations, painting, and tinting mentioned and to furnish the personal property as provided; that plaintiff was prevented from taking possession of the hotel building until February 17, 1922, when he went into possession, notifying defendant that owing to the delay he elected to terminate defendant's right to perform, and as grounds for the recovery of damages claimed a loss of rents from the property during the period between the expiration of the time fixed by the contract for performance and the taking of possession, alleged to have been of the value of $1,010 per month, together with the cost of completing the work unperformed and the value of the personal property undelivered.

Defendant denied the allegations of the complaint with the exception of the rental value, which he admitted was the sum of $600 per month, and claimed by appropriate pleading damages due to the alleged withholding by plaintiff of possession of the ranch mentioned, the conversion by the latter of the surplus carpets, beds, etc., in the hotel, and for extra work alleged to have been performed by him in the building.

It appears from the testimony of appellant that respondent failed to furnish a substantial portion of the articles called for by the contract; that a sum exceeding $3,000 was expended by the former in the purchase thereof and in completing the alterations, and, as shown by the warehouse receipt in evidence, respondent in an attempt to deliver after the notice referred to, stored for the benefit of appellant a miscellaneous assortment of furnishings, to that extent negativing his contention of an actual and complete performance by delivery on the premises. In addition to the foregoing is the testimony of appellant mentioned above

as to the loss of rents, the whole showing an aggregate loss of more than the amount of the verdict.

Respondent in support of the order appealed from contends that the trial court erred in certain of its rulings and instructions, and that the verdict was contrary to the evidence. [1] As the order granting the motion for a new trial was general, and did not specify that it was granted because of the insufficiency of the evidence, it will be presumed on this appeal that the order was not based on that ground. (Code Civ. Proc., sec. 657.) We are precluded by the code provision from considering the question whether or not the evidence is sufficient to sustain the verdict, unless it is insufficient in law, and without material conflict in any material point. (*Biaggi* v. *Ramont,* 189 Cal. 675, 677 [209 Pac. 892].)

[2] It is urged that the complaint fails to state a cause of action and is insufficient to support a verdict for damages growing out of delay in performance. The question of the insufficiency of the pleadings cannot be considered on an appeal from an order granting a new trial (*Clark* v. *Torchiana,* 19 Cal. App. 786 [127 Pac. 831]; *Crescent etc. Co.* v. *United Upholsterers' Union,* 153 Cal. 433 [95 Pac. 871]), but it appears that plaintiff sufficiently pleaded the damages sustained by him. [3] The complaint alleged the loss of the use of the premises with the rental value thereof during the period of delay; and while a claim for damages based upon a loss of rents should be specially pleaded (*Tally* v. *Ganahl,* 151 Cal. 418 [90 Pac. 1049]), such loss is a proper element of damages when caused by delay in performance by a contractor. (*Tally* v. *Ganahl, supra; Bird* v. *American Surety Co.,* 175 Cal. 625 [166 Pac. 1009].) The trial proceeded on the theory that the question whether the premises could have been leased for the monthly rental alleged had the contract been performed was an issue in the case, and appellant testified upon this subject without objection.

[4] It is further alleged that the court erred in permitting the appellant to testify as to the cost of procuring the articles agreed to be furnished by respondent. Evidence of cost has been held to be relevant on the question of value, and the testimony was properly admitted. (*Angell* v. *Hopkins,* 79 Cal. 181 [21 Pac. 729]; *Greenebaum* v. *Taylor,*

102 Cal. 624 [36 Pac. 957]; *Levy* v. *Scott,* 115 Cal. 39 [46 Pac. 892]; *Union Hollywood etc. Co.* v. *Los Angeles,* 184 Cal. 535, 538 [195 Pac. 55]; *Travis Glass Co.* v. *Ibbetson,* 186 Cal. 724 [200 Pac. 595].) When respondent failed to carry out his contract to deliver the furnishings he became liable to plaintiff in damages for the value of the property. (*Cummings* v. *Dudley,* 60 Cal. 383, 385 [44 Am. Rep. 58].)

[5] Respondent contends that the trial court was justified in granting a new trial because it erroneously permitted evidence of an offer of compromise to go before the jury. A witness for respondent was asked on cross-examination if he had not stated to appellant that he would advise respondent to pay a sum mentioned in settlement of the controversy, and whether the witness had not himself offered such sum to appellant for the same purpose. The witness answered the last question in the negative, but in response to the first stated that though he had endeavored to effect a settlement, no amount was mentioned by him, but that appellant had suggested the sum of $4,850 as the amount he would be willing to accept, and that the suggestion was submitted to the respondent and rejected. This testimony was admitted without objection. The respondent asked that the answers be stricken out. The court denied the motion, but instructed the jury "that anything in the nature of a compromise shall not in any way interfere with your right to arrive at a verdict as to the damages in the case." While the questions may have been proper as cross-examination, if it can be said that the answers tended to show an offer on the part of the defendant to compromise, the evidence would be as incompetent as if adduced directly by the appellant. The question is whether the answer, permitted to go to the jury, justified the implied conclusion of the trial court that an error was committed which resulted in a miscarriage of justice. We do not see how it could. The testimony of the witness did not show any offer on the part of the defendant to allow judgment to be taken against him, or to compromise the claim, but, on the contrary, the testimony was that the defendant rejected the purported offer made by the plaintiff. But assuming that the testimony may have left an impression that the respondent was seeking to compromise his differences with the appellant, and that the instruction

of the court did not remove the impression that the answer might properly be considered as evidence of the fact and the amount of damage, the record shows that respondent offered no evidence in contradiction of the testimony of appellant as to the value of the personal property unde-livered, or the work claimed by the latter to have been un-performed, nor of the loss caused by the delay, the evidence adduced by the respondent being directed to the questions whether the agreement had been substantially performed and the delay excusable. The evidence of damage, being uncontradicted, was, entirely aside from the incompetent tes-timony, sufficient to sustain the verdict of the jury, and it cannot reasonably be said that its admission resulted in a miscarriage of justice.

[6] Respondent complains that the court erred in in-structing the jury that if it found that respondent failed without fault on the part of appellant to perform the agreement within the time limited by the contract it would be its duty to ascertain the damage, if any, suffered by the latter, and to determine the amount which would compen-sate him for all detriment proximately caused by such fail-ure, in that the instruction ignores respondent's defenses that no demand for performance was made, that the delay was caused by extra work done at the instance of appellant and the latter's indecision as to whether the building should be altered for use as a hotel or apartment house. While these matters were not pleaded as a waiver of performance or as an excuse for delay (*Herdal* v. *Sheehy*, 173 Cal. 163 [159 Pac. 422]; *Estate of Warner*, 158 Cal. 441 [111 Pac. 352]), the answer consisting of denials, and affirmative allegations of full performance, there is evidence in the record tending to show an interference by appellant with the conduct of the work on the building; and the court in-structed the jury that if it found that the delay was caused by the fault of appellant, or that the latter prevented per-formance, he could not recover. These instructions fully covered the defenses based upon the evidence mentioned, a demand for performance not being a condition precedent to appellant's right to sue. (*O'Connor* v. *Dingley*, 26 Cal. 11; *Marshall* v. *Ferguson*, 23 Cal. 65.)

Other contentions of respondent in justification of the order granting a new trial do not require consideration. We are satisfied that the evidence in the case was sufficient in law, and without conflict on the material issues of the case. No errors have been pointed out that warranted setting aside the verdict.

The order granting the new trial is reversed.

Shenk, J., Richards, J., Curtis, J., Seawell, J., Lennon, J., and Lawlor, J., concurred.