[Civ. No. 6229. First Appellate District, Division One.—March 3 1928.]

JENNIE M. YOAKUM, Administratrix, Respondent, v. WALTER L. HOGAN, Appellant.

J. L. Smith and W. F. Postel for Appellant.

James F. Brennan for Respondent.

PARKER, J., *pro tem.*—This is an action to recover damages for breach of contract relating to an exchange of properties. The case was tried by the court sitting with a jury, and judgment was entered in favor of plaintiff pursuant to the verdict of the jury. From the judgment defendant appeals.

Without a detail of the facts a brief history of the litigation may be given.

After the trial in the court below defendant made a motion for a new trial. This motion was granted, and from the order granting a new trial plaintiff appealed. The order appealed from was reversed. The facts of the case therefore fully appear in the reported case of *Yoakam* v. *Hogan,* 198 Cal. 16 [243 Pac. 21]. As indicated in the opinion on that appeal the supreme court did not consider the question of the sufficiency of the evidence save to determine that the same was not insufficient in law and was not without substantial conflict on any material point. Likewise, the question of the insufficiency of the pleadings was not considered.

On the present appeal from the judgment appellant contends that the complaint stated no cause of action and that his demurrer thereto should have been sustained.

 The complaint alleged the purchase of certain properties by plaintiff from defendant, including both real and personal property. It then alleged that as a part of the consideration for the purchase defendant agreed that he would within sixty days make certain repairs, alterations and improvements in said buildings, and install therein certain household and hotel furnishings, and deliver possession of the buildings with the improvements completed and personal property installed within sixty days. The complaint then set up the execution of a written contract, which is set out in full therein, and which is alleged to be a part of the price and consideration of the purchase. The terms of this written contract are as follows: 'I, W. L. Hogan, hereby covenant and agree with Jasper H. Yoakum that within sixty days from date (August 12, 1921) I will do the following alterations and painting and tinting and furnish the following furnishings free of any expense to said Yoakum.''

(Then follow a specification of work to be done and description of property to be furnished.)

Appellant argues that the contract itself as pleaded is the measure of plaintiff's rights, and, as the contract is silent as to delivery, no breach can be predicated upon such failure to deliver. No authority is cited by appellant in support of his contention.

We think the complaint sufficient in this respect. There is a direct allegation of the transaction of purchase and sale, together with the allegation of the contract to deliver. A contract is pleaded as a part of the transaction; and inasmuch as the contract pleaded contains no reference to the exchange of properties, it is obviously not the entire contract or agreement between the parties. It is a mere quibble over words to attempt to separate the idea of delivery from an agreement to furnish specified personal property to and at a specified place within a limited time. The whole theory of the pleadings and of the issue as joined by defendant's answer was that his contract with reference to repairs and furnishings was, as stated, a part of an entire transaction, rather than a separate agreement.

 Appellant, still without citation, contends that the complaint is further fatally defective in that it fails to allege that defendant's failure to complete his contract was without the consent or approval of plaintiff.

Defendant throughout the trial and by his pleadings has claimed a full performance, and the trial was on that issue.

 Appellant next contends that the damages for failure to deliver the premises should have been especially pleaded. In the case of *Yoakam* v. *Hogan, supra* (the instant case), the court says: "But it appears that plaintiff sufficiently pleaded the damages sustained by him. The complaint alleged the loss of the use of the premises with the rental value thereof during the period of delay; and while a claim for damages based upon a loss of rents should be specially pleaded, such loss is a proper element of damages when caused by delay in performance by a contractor. The trial court proceeded on the theory that the question whether the premises could have been leased was an issue in the case, and plaintiff testified upon this subject without objection.

Other grounds of attack upon the complaint, totaling

eleven in number, are set forth by appellant. However, these contentions are all general and without citation of authority. The allegations attacked are not set forth, nor is reference made to the record. See *Dahlberg* v. *Dahlberg*, 202 Cal. 295 [260 Pac. 290]. We have carefully noted all of the allegations of the complaint, and find that as a whole the complaint sets forth a cause of action. Upon the cause as set forth, issue was joined, and defendant, in addition to traversing the allegations of the complaint, pleaded his version of the whole transaction, alleging a breach by plaintiff. A full and fair trial was had, free from error as indicated by the opinion of the supreme court on the former appeal. It may be that the complaint could have been more definite in its terms and that greater detail might have been set forth. Yet, as it is, no one could be misled thereby, and most assuredly this defendant was in no doubt concerning the purpose of the action. Conceding this would not be the sole test of its sufficiency, yet to some extent it aids in determining the effect of allegations that might appear somewhat weak. ■ We conclude that the complaint as a whole is sufficient to uphold the judgment entered pursuant to the verdict rendered.

The appellant, in a somewhat general way, attacks the sufficiency of the evidence to support the verdict and judgment.

The evidence is not presented for our consideration, and we are left to go through the transcript to determine the merit of this point. We have assumed this burden, irrespective of the law which places it elsewhere. From this examination of the record we find abundant evidence supporting the verdict.

The remaining grounds of appeal have been disposed of in the hearing of the appeal from the order granting a new trial. (*Yoakam* v. *Hogan, supra.*)

We have throughout used the term plaintiff as referring to the original plaintiff, Jaspar A. Yoakum, for the reason that the present plaintiff came into the record subsequent to ths trial, and then only as administratrix, and had no connection with the trial.

Judgment affirmed.

Tyler, P. J., and Knight, J., concurred.