[No. 14745. Department One. — September 1, 1892.]

## WARD BRADFORD, APPELLANT, *v.* D. W. PARKHURST, RESPONDENT.

VENDOR AND PURCHASER — CONTRACT OF SALE — DEFAULT OF PURCHASER — RECOVERY OF INSTALLMENTS PAID. — Where a contract for the sale of land provides for the payment of the purchase price in installments, and for the execution of a deed upon the final payment, and for a forfeiture of all amounts paid by the purchaser upon his default in the payment of any installment, and that the contract shall thereupon become void, if it does not appear that the vendor has abandoned the contract, or failed or refused to perform any part of his contract to convey, upon a tender of the entire purchase-money, the purchaser, who has failed to pay or tender the residue of the purchase-money, is not entitled to recover back the installments paid.

ID. — TENDER BY VENDOR AFTER TIME LIMITED FOR PERFORMANCE. — The fact that the vendor tendered a deed after the time limited for performance of the contract on the part of the purchaser, who had failed to pay the purchase-money as agreed, and that the contract made time of its essence, does not render the tender ineffectual, or establish a default on the part of the vendor, or show that the contract had been mutually abandoned or rescinded.

ID. — CONTRACT SIGNED BY VENDOR ALONE — RECOVERY OF PAYMENT — CONSIDERATION. — The fact that the contract was signed by the vendor alone does not entitle the purchaser to recover back the money paid thereunder, regardless of whether the contract could not have been enforced against the purchaser. It is sufficient that it is enforceable against the vendor, and that the payment was founded upon a valuable consideration which has not failed.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion.

*George B. Graham*, for Appellant.

Contracts within the statute of frauds are void. (*Feeney* v. *Howard*, 79 Cal. 525; 12 Am. St. Rep. 162; *Smith* v. *Taylor*, 82 Cal. 546; *Scott* v. *Bush*, 26 Mich. 418.) A contract of forfeiture of money for breach of contract is void. (Civ. Code, secs. 1670, 1671; *Drew* v. *Pedlar*, 87 Cal. 443; 22 Am. St. Rep. 257.) If the vendor, under a valid contract, — time being of the essence thereof, — fails to tender a deed at the time the last payment falls due, he thereby makes default, and the vendee may recover the purchase-money previously paid thereon. (*Cleary* v. *Folger*, 84 Cal. 316; 18 Am. St. Rep. 187; *Raymond* v. *Bearnard*, 12 Johns. 274; 7 Am. Dec. 317.) Time is of the essence of the contract whenever it appears to have been the intention of the parties that it should be. (*Grey* v. *Tubbs*, 43 Cal. 359; *Drew* v. *Pedlar*, 87 Cal. 443; 22 Am. St. Rep. 257; *Martin* v. *Morgan*, 87 Cal. 203; 22 Am. St. Rep. 240; *Woodruff* v. *Semi-tropic Land and Water Co.*, 87 Cal. 275.) A cross-action to recover back purchase-money is not allowable in an action by a vendor to recover possession of the land. (*Hoffman* v. *Remnant*, 72 Cal. 1.)

*Church & Cory*, for Respondent.

The execution of the agreement by the vendor and its delivery to the vendee created an obligation upon the vendor which was a consideration sufficient to make the verbal agreement on the part of the vendee to pay the purchase-money binding upon him also. (*Cavanaugh* v. *Casselman*, 88 Cal. 543.) In order to entitle the plaintiff to recover, he should have alleged and shown performance upon his part of the conditions, and that the defendant was in default. (*Dennis* v. *Strassburger*, 89 Cal. 583; *Newton* v. *Hull*, 90 Cal. 487.)

TEMPLE, C. — This appeal is from a judgment and an order refusing a new trial.

The action is for money had and received for plain-

tiff's use, and for interest on "divers sums forborne by plaintiff to defendant at his request."

The statement shows that between January 9 and March 31, 1888, defendant executed to plaintiff and his assignors seven contracts for as many distinct parcels of land.

The contracts are alike, and are in the form of receipts for specified sums of money, part of the purchase price, followed by a recital as follows: "Leaving a balance . . . . to be paid on said purchase, which, by the terms of this sale, is to be paid in three equal payments, with interest at the rate of ten per cent per annum till paid, in like gold coin, within six, twelve, and eighteen months from date hereof. If paid as above stated, with all taxes, assessments, and charges of every nature that are or may be levied thereupon before the final payment and costs of conveyance, the above-named W. Bradford will be entitled to a deed for the above-described lot; otherwise this agreement becomes null and void, and the amounts now paid, together with all improvements on said land made, shall be forfeited. . . . . If forfeited, the said W. Bradford shall thereafter be, and he hereby consents to be, tenant of D. W. Parkhurst, liable to be dispossessed upon three days' notice," etc.

The contracts are signed only by the vendor.

It was not shown, or attempted to be shown, that defendant had failed or refused to perform any part of his contract. On the other hand, it appears from the evidence that plaintiff, after having made the first payment, on being asked whether he intended to perform, said that he would make no more payments, and "I will see my attorney, and would like to see you get it."

The evidence also shows that defendant tendered to plaintiff a deed in pursuance of the contract, but the tender was after the time limited for performance, and appellant contends that time being of the essence of the contract, the tender was not effectual, and that defendant was in default; in short, that there had been a mu-

tual abandonment and rescission of the contract, under the rule laid down in *Cleary* v. *Folger*, 84 Cal. 316; 18 Am. St. Rep. 187. As that case has been overruled on this point by the recent case of *Newton* v. *Hull*, 90 Cal. 487, this contention must fail.

Now, if we concede the law to be as appellant contends, that the contract could not have been enforced by defendant, because the agreement of the plaintiff was not put in writing, it does not follow that this suit can be maintained. Although defendant might not have been able to maintain an action for the purchase-money, he was compelled to accept the money when tendered as payment upon the contract. This follows necessarily if it could have been enforced by plaintiff. The payment was founded upon a valuable consideration, and the consideration has not failed.

Appellant relies upon *Drew* v. *Pedlar*, 87 Cal. 443, 22 Am. St. Rep. 257, as sustaining his position. But that case does not go to the extent of holding that a vendee can elect to consider the contract at an end, and recover what he has paid, when the vendor has not abandoned the contract. On that point that decision is explained by the more recent case of *Phelps* v. *Brown*, 95 Cal. 572, as follows: "When a contract of sale and purchase of lands is abandoned or rescinded by the parties, the vendee, though in default, may recover back installments paid of the purchase-money, less the actual damage to the vendor occasioned by his breach of the contract." This proposition cannot be controverted. It is old law. (*Palmer* v. *Temple*, 9 Ad. & E. 508.) The debatable point before these decisions was, whether, in all cases when one party to a contract declines to go on with it because some material condition precedent has not been performed by the other party, he thereby abandons it so as to entitle a recovery for sums paid. No such question is involved here. The payments were made in part consideration for a conveyance which the plaintiff can have whenever he chooses to comply with his contract.

I advise that the judgment and order be affirmed.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order are affirmed.

PATERSON, J., HARRISON, J., GAROUTTE, J.