[Civ. No. 501.   First Appellate District.—September 14, 1908.]

## JOSEPH F. POHEIM, Appellant, v. R. C. MEYERS, Respondent.

VENDOR AND PURCHASER—CONTRACT OF SALE—RECOVERY OF DEPOSIT FOR FAILURE OF TITLE—PLEADING—INSUFFICIENT COUNT.—In an action to recover money deposited under a contract for the sale and purchase of land for alleged failure of consideration in not furnishing a merchantable title, where the contract appended to a second count in the complaint provided for thirty days in which to have the title examined by the California Title Insurance and Trust Company, whose policy issued without objection should be conclusive of title, any objection to be removed by the vendor, the failure of such count to allege that such company ever examined the title, or was requested to do so, or that it made any report thereon, or objection thereto, or that the title was such that it would not issue a policy thereupon without objection, states no cause of action, and a demurrer thereto was properly sustained.

ID.—RIGHTS OF PARTIES AS TO TITLE—RESCISSION BY VENDEE—ESSENTIAL AVERMENT.—The parties have the right to contract for such title as they may see fit, and the vendee cannot rescind under the contract for failure of title, without alleging the failure of such title as was contracted for.

ID.—TRIAL UNDER FIRST COUNT—EXTENSION OF TIME TO REPORT ON TITLE—ACT OF GOD—JUDICIAL NOTICE OF HOLIDAYS AFTER EARTH-QUAKE.—Where a trial was had under a first count of the complaint alleging that the time for procuring a certificate of title within thirty days after April 4, 1906, was extended by act of God until July 3, 1906, the court will take judicial notice that by the earthquake and conflagration of April 18th, and the succeeding holidays de-

clared by the governor the time for procuring such certificate was
extended to and including the fourth day of June, 1906, and no
longer.

ID.—SUPPORT OF FINDING—NEGLIGENCE OF PURCHASER IN PROCURING
CERTIFICATE.—Where it appears that the certificate of title was in
readiness for delivery June 4, 1906, and that the purchaser neg-
lected to obtain the same until July 3, 1906, a finding that she
was not prevented by the act of God or any other cause from pro-
curing the policy within the time limited therefor, and that her
failure to report the result within the required time was the result
of her own neglect, is sufficiently supported.

ID.—PROMPT REMOVAL OF OBJECTION BY VENDOR—OBJECTION OF PUR-
CHASER UNDER CONTRACT—PAYMENT UPON DEED.—When the ob-
jection by the title insurance company for want of a deed from
the city was first reported by the purchaser to the vendor July 7,
1906, and on July 11, 1906, the objection was promptly removed by
payment thereto of the whole expense of procuring such deed, where-
upon the title insurance company immediately offered to plaintiff to
insure the title, the contingency then arose on which plaintiff was
bound under the contract to accept and pay for the title upon the
execution of a deed therefor.

ID.—WAIVER OF DEFAULT OF PLAINTIFF—PLEADING.—When the plaintiff
relies upon the waiver of his default in not complying with the con-
dition of his contract, he must both plead and prove such waiver
by the defendant.

ID.—TIME OF ESSENCE OF CONTRACT—ABSENCE OF TENDER—DEFAULT IN
CONDITIONS—PAYMENT NOT RECOVERABLE.—When the contract makes
time of its essence, and plaintiff does not claim to have tendered the
residue of the purchase money, and is in default in the performance
of the conditions of the contract, he cannot recover the payment
made to the defendant.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Maddox & Loessel, for Appellant.

Charles W. Slack, and Perry Evans, for Respondent.

HALL, J.—Plaintiff brought this action to recover the sum
of $500, paid by his assignor to defendant, as a deposit or
first payment on a contract to buy a certain piece of land
for the total sum of $14,625.   Judgment went for defendant,

and this appeal is by plaintiff from such judgment, and was taken within sixty days from the entry thereof.

The complaint is in two counts, each of which was demurred to as not stating a cause of action. The demurrer was sustained as to the second count, and appellant claims that the court erred in so doing.

The second count of the complaint is framed upon the theory that the plaintiff, as the assignee of the vendee, had rescinded the contract because of a failure of consideration in that the title of plaintiff was not a merchantable title, in that it was not ascertainable from the public records of the city and county of San Francisco. Attached to the complaint, and made a part of the second count thereof, is the written contract entered into between plaintiff's assignor and defendant. This contract provides that "Thirty days from date are allowed to examine title to said property, which examination is to be made by the California Title Insurance and Trust Company, and the issuing of a policy by the said company without objection shall be conclusive of the validity of the title. If such policy be issued without objection, the balance of the said purchase price shall thereupon be paid to the said owner, who shall deliver to the purchaser a sufficient grant, bargain and sale deed for the said property, at the sole cost and expense of the purchaser." Other provisions relate to the removal of objections if any should be reported, but from the foregoing provisions of the contract it is apparent that the title agreed to be conveyed was such as the designated company would be willing to insure without objection. It is nowhere alleged in the second count of the complaint that said company ever examined said title, or was ever requested so to do, or made any report thereon, or any objection thereto, or that the title was in fact such that said company would not issue a policy thereon without objection.

The parties have a right to contract for such title as they see fit, and when they have made such a contract the vendee may not rescind for failure of title without alleging a failure of such title as he contracted for. His attempt in the case at bar by certain allegations which he has made as to the meaning of the contract as it concerns the title cannot strengthen his case. The contract is a part of his complaint, and is plain and unambiguous. It speaks for itself. He has

9 Cal. App.—3

not alleged that the title was not such as is called for by the contract. The court did not err in sustaining the demurrer to the second count of the complaint.

By the first count plaintiff seeks to recover the same $500, and makes the contract a part also of this count. The contract is dated April 4, 1906, and besides the provision allowing thirty days for examination of title, and making the action of the designated company thereon conclusive as to the validity of the title, hereinbefore set forth, it provides: "If any objections are reported, said owner shall remove the same within thirty days thereafter, and when so removed the balance of the said purchase price shall be paid to said owner and said deed delivered as aforesaid. If such objections be removable and are not so removed within said last-mentioned time, said deposit shall at the option of the purchaser be returned to said purchaser, and all rights and obligations hereunder shall be at an end. If such objections be of a character that cannot be removed within thirty days, this agreement shall be at an end, anything herein contained to the contrary notwithstanding. If said purchaser shall fail to comply with any condition at the time and in the manner herein provided for, said owner shall be released from all obligations hereunder and all rights hereunder, legal and equitable, of said purchaser shall be forfeited as liquidated and agreed damages and not as a penalty for such default. Time is of the essence of this contract."

Plaintiff does not in his complaint allege that he or his assignor complied with the requirements of the contract as to searching title and reporting any objection thereto within the time allowed by the contract, but alleges that by reason of the act of God it was impossible for the vendee (Katherine D. Poheim) to procure an examination of said title, and to report the result thereof to defendant, at any time prior to July 3, 1906, but that on said day she did procure from the California Title Insurance and Trust Company a report of their examination of said title, and forthwith reported to defendant a valid objection thereto, and demanded that he remove the same within thirty days. She further alleged that he did not remove said objection within thirty days. The only excuse pleaded by plaintiff for not making objection to the title within the time allowed by the contract is prevention of performance by reason of the act of God. The court, however,

found that it was not impossible by the act of God, or for any cause, for said Katherine D. Poheim to procure from said California Title Insurance and Trust Company an examination of said title, or to report the result of such examination to the defendant, within the time specified in the contract, and that her failure to obtain such report and to report the result of such examination to defendant within the required time was the result of her own neglect.

The court further found that the vendee reported the objection to the title to defendant on July 7, 1906, and that he removed the same on July 11, 1906.

Appellant challenges both of these findings as not supported by the evidence, but we think that both are fully supported by evidence in the record.

By the terms of the contract thirty days from April 4, 1906, were allowed for examination of title. By the successive holidays declared by the governor of the state, following the earthquake and conflagration of April 18, 1906, her time for the examination of and report on the title was extended to and included the fourth day of June, 1906, under the terms of the contract. Of the existence and effect of these holidays the court must take judicial notice. (Code Civ. Proc., sec. 1875; *Mullan* v. *State,* 114 Cal. 578, [46 Pac. 670]; *French* v. *Senate,* 146 Cal. 604, [80 Pac. 1031].)

Plaintiff, acting for his mother, the vendee, made application to the California Title Insurance and Trust Company for an examination of and policy on the title to the property, according to his own testimony, on April 6, 1906, though his written application bears date April 11, 1906. While the evidence shows that the said company ceased business for a while after April 18, 1906, it also shows that it resumed business on May 28, 1906, and that it had completed its examination of said title and had its report completed and ready for delivery on June 4, 1906. But neither the vendee nor plaintiff applied to said company for a report thereon until July following. It is thus clear that the vendee was not prevented by any act of God from getting her report on June 4, 1906. It was then ready and in the hands of her own agent, the California Title Insurance and Trust Company, employed by her to make such examination and report. Further, though there is evidence that said company ceased doing business for a time after April 18, 1906, there is not one word of evidence in the

record that it was compelled to do so, or that its plant was in any way injured or disturbed by any act of God, or by any earthquake or fire. If plaintiff relied on the earthquake as the act of God, he has not shown that such earthquake interfered with the work of the title insurance company in examining this title. For aught that appears in the record, the examination may in fact have been made before April 18th. But however this may be, the title insurance and trust company was itself employed by the vendee, and· was her agent for the purpose of examining and reporting on the title. That it was not prevented by any act of God from making such examination and report on or before the fourth day of June, 1906, which was the last day for making such report, is conclusively shown by the fact that the examination had been made and the report was prepared and ready on that day.

As to the finding to the effect that the objection was removed within thirty days from notice thereof, the evidence shows that the objection was that no "city deed" had ever been given for the property. Notice of the objection was given July 7, 1906, and on the eleventh day of the same month defendant deposited with the California Title Insurance and Trust Company $100 to remove such objection. The representative of the California Title Insurance and Trust Company testified to the effect that on the payment of this $100 the company would itself get the deed from the city, and would issue the policy without objection. As we understand the evidence of this witness, it was to the effect that immediately on the payment of the $100 the company was willing to issue its policy on the title to the property without exception or objection for want of the city deed. On this point defendant testified that when he made the deposit of the $100 with the company "they" stated that "they" were then willing to issue the policy without an exception on account of the city deed. This removed the only objection made to the title. Of this, of course, the California Title Insurance and Trust Company had notice. It was employed by the vendee to examine and report on the title, and was her agent for that purpose, and its knowledge was her knowledge. All uncertainty as to the effect of the clause in the contract, "the issuing of a policy by the said company without objection shall be conclusive of the validity of the title," was removed

by a stipulation that it meant "the willingness of the company to issue a policy without objection upon the receipt of an appropriate deed from the seller shall be conclusive of the validity of the title."

Appellant further urges that the finding as to the removal of the objection to the title is contrary to the admission in the answer. This, we think, is without merit. The contention is based on the answer as originally filed, but at the trial defendant was permitted to amend his answer by adding at the end of paragraph VI thereof the following: "And the defendant further alleges that if the said objection had any validity, the said objection was removed by defendant within thirty days after the receipt by him of said alleged objection."

Appellant suggests that the evidence shows that defendant waived the default of plaintiff, but no such issue is raised by the pleadings. When a plaintiff relies on a waiver of conditions of his contract, such waiver must be both pleaded and proved. (*Lanitz* v. *King,* 93 Mo. 513, [6 S. W. 263].)

Plaintiff does not claim to have ever tendered the balance of the money payable under the contract, and being in default in the performance of conditions upon a contract in which time is of the essence of the contract, he cannot recover the payment made to defendant. (*Glock* v. *Howard and Wilson Colony Co.,* 123 Cal. 1, [69 Am. St. Rep. 17, 55 Pac. 713]; *Bradford* v. *Parkhurst,* 96 Cal. 102, [31 Am. St. Rep. 189, 30 Pac. 1106]; *Joyce* v. *Shafer,* 97 Cal. 335, [32 Pac. 320]; *Garberino* v. *Roberts,* 109 Cal. 125, [41 Pac. 857].)

The judgment is affirmed.

Cooper, P. J., and Kerrigan, J., concurred.