[Civ. No. 1169. Second Appellate District.—December 31, 1912.]

## GEORGE A. REYNOLDS, Appellant, v. YORK SYNDICATE OIL COMPANY et al., Respondents.

LIEN ON MINE—INDEBTEDNESS DUE FROM MINING COMPANY—LEASE ON ROYALTY PRIOR TO LIEN—APPLICATION TO DEBT NOT PAID IN FULL—ABSENCE OF NOVATION—LIEN NOT WAIVED.—Where there was a large debt due from the oil mining company defendant to the plaintiff, and prior to the claiming of any lien on its property, a lease thereof was made to the plaintiff upon royalty for a year to be applied toward payment of such debt, which royalty was insufficient to pay the debt, it cannot be claimed as a construction of such lease, that it constituted a novation, extinguishing the debt, where the old obligation was expressly declared therein, and a lien may be enforced for the unpaid debt, when not waived, and when filed in proper time.

WAIVER OF LIEN NOT EXPRESSED IN INSTRUMENT—PLEADING REQUIRED.—Where no waiver of the lien is expressed in the instrument, no waiver thereof can be claimed to exist, unless the same is specially pleaded.

APPEAL from a judgment of the Superior Court of Kern County. Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

J. W. Wiley, for Appellant.

T. F. Allen, for Respondent.

ALLEN, P. J.—The action was one to foreclose a lien upon certain mining property. The answer, in addition to denials with reference to ownership and the facts upon which the right to a lien depended, set up an agreement between plaintiff and defendant corporation, bearing date of March 10, 1904, through which the defendant leased to plaintiff the mining ground described in the complaint for the period of one year, upon a royalty of ten cents per barrel for all oil produced on said premises during the period of the lease; and, in addition, the plaintiff agreed to make certain collections on account of oil previously sold by defendant to third persons, the amount of which collections when made to be applied to an indebtedness of $3,625 agreed to exist against defendant in plaintiff's favor; and further, to sell certain oil in sump holes at a price of twenty-five cents per barrel, or as near that price as possible, the proceeds to be credited upon such indebtedness. And it was further agreed that the defendant should pay plaintiff "as much money ($2,700 at least) on account of its indebtedness to him and as soon as possible, the total indebtedness to him being at this date $3,625." Other covenants contained in the agreement are of no moment in considering this appeal.

The court found in favor of plaintiff upon all the issues relating to the character of the property, the amount of the indebtedness, the right of plaintiff to a lien therefor, and the filing of such lien. The court, in addition, found that the agreement above referred to had been entered into after the maturity of the indebtedness and preceding the filing of the lien; and as a conclusion of law determined that such agreement constituted a novation and amounted to a waiver on plaintiff's part of his right to a lien on account of the indebtedness. Judgment was accordingly entered in defendants' favor, from which judgment plaintiff appeals upon the judgment-roll.

Whether the findings of novation and waiver are those of fact or law, the findings or conclusions are shown by the judgment-roll to have been based solely upon the terms of the agreement, and the construction which should be placed upon the agreement is determinative of all matters presented upon this appeal. We are of opinion that such agreement cannot be construed as the substitution of a new obligation

between the same parties with intent to extinguish an old one. On the contrary, the old obligation is referred to in the agreement and specifically affirmed. The mere taking of the lease upon a royalty and authority to collect certain debts due defendant can in no sense be construed as an agreement canceling the prior obligation of indebtedness. The authority to collect and, if collected, to apply the proceeds to certain indebtedness due defendant, was but the creation of an agency not coupled with interest, and was revocable at pleasure and constituted no security. Conceding that the lease gave right of immediate possession of the premises to the lessee, it does not appear that the oil in the sump holes was upon the leased premises, or that any possession or right to possession of this oil was conferred by the agreement. If possession was not given to the oil, no pledge arose and no security existed by virtue of the agency to sell. Were the facts otherwise, and the oil in fact given in pledge, the security afforded thereby being but a fraction of the lien indebtedness, the same would not, in the absence of an express agreement, amount to one of extinguishment. The instrument in which was embodied the lease did not by its terms express a waiver of the existing lien rights, and if any waiver was contemplated or agreed to outside the instrument, the same should have been pleaded and proven, essential matters where parties rely upon a waiver. (*Poheim* v. *Meyers,* 9 Cal. App. 37, [98 Pac. 65].) There is nothing in the record indicating that through the agreement set out the time for payment of the original lien debt was extended beyond the term for filing a lien.

We are of opinion that the court erred in its judgment, and the same is reversed and cause remanded.

James, J., and Shaw, J., concurred.