[Civ. No. 3481.  Second Appellate District, Division One.—February 26, 1921.]

# E. M. MALONEY, Appellant, v. CARL T. HOUSTON et al., Respondents.

[1] VENDOR AND VENDEE—WANT OF TITLE—RIGHT OF VENDEE.—One may lawfully agree to sell either personal or real property to which at the time he has no title, and the want of title furnishes no ground for rescission unless upon tender the vendor is unable to comply with the agreement, and until the purchaser complies with his part of the contract by tendering such balance, he cannot demand a conveyance and is in no position to complain of the vendor's default.

[2] ID.—DEFAULT OF VENDEE—MEASURE OF DAMAGES.—The right to recover damages for the refusal to complete a purchase of either real or personal property is fixed by the provisions of the Civil Code.

APPEAL from a judgment of the Superior Court of Orange County. Z. B. West, Judge. Judgment that plaintiff take nothing affirmed; judgment for defendant on cross-complaint reversed.

The facts are stated in the opinion of the court.

John Clarkson and S. M. Davis for Appellant.

H. C. Head for Respondents.

SHAW, J.—Plaintiff appeals from a judgment entered in favor of defendants. On September 6, 1918, defendants, who were in possession of two certain concessions at Seal· Beach, California, known as "Auto Parking Station" and "Tent City and Delicatessen Store," of which they claimed to be the owners, entered into a written contract with plaintiff whereby, for the sum of $2,000, to be by him paid, they agreed to sell an undivided one-half interest in the property. Of the consideration so specified, $700 was paid by plaintiff at the time of the execution of the contract; and it was provided therein that the balance of $1,300 was to be paid on or before September 26, 1918, at which time a written contract of copartnership was to be executed for the conduct of the business. The contract contained a clause as follows: "It is further agreed by the parties hereto that no party to this agreement has any personal obligations or otherwise, nor will they contract any obligations that would be a lien on said concessions without the written consent of all parties hereto without forfeiting their rights in this agreement and in said concessions. Current running expenses and necessities of life excepted."

Plaintiff made default in the payment of the $1,300 called for by the contract, and on November 22, 1918, filed an amended complaint containing three counts, one of which was to recover for twenty-six days' services alleged to have been performed by plaintiff at the special instance and request of defendants, another to recover in *assumpsit* for $700, money had and received by defendants for and on account of plaintiff, and the other for a rescission of the contract.

In addition to their answer, defendants filed a cross-complaint, alleging the execution of the agreement and plaintiff's default in the making of the payment, as agreed therein, by reason whereof they were damaged in the sum of $750.

At the trial the court made findings adverse to plaintiff, and as to the matters alleged in the cross-complaint, found in favor of defendants, as a result of which it was adjudged that plaintiff take nothing by reason of the action and that the defendants have judgment against him for the sum of $500.

As to the cause of action based upon the alleged services rendered by plaintiff to defendants, the adverse finding of

the court thereon is clearly sustained by the testimony of defendants, to the effect that plaintiff was never employed by them, nor did he, at their instance and request, perform any services, but pending the consummation of the deal in accordance with the contract, made his home at the Tent City, and of his own accord, and without any authority so to do, occasionally participated in the performance of some slight service required around the place.

The right to a rescission is based upon the fact that at the time of executing the agreement defendants were subject to personal obligations for the payment of money, and further, that defendants did not have title to the property which they agreed to sell. It appears that the Bayside Land Company was the grantor of the concessions and that E. B. De Garmo and defendant S. J. Houston were the grantees thereof, and that under the terms of the grant or lease the grantees were prohibited from assigning the same without the consent of the grantor; that some time prior to the entering into of the contract in question, De Garmo sold his interest therein to defendants, depositing with the Bayside Land Company an assignment, which was approved by the said company and held by it under instructions of the assignor to deliver to the assignees upon payment of a balance of $230, unpaid to De Garmo upon this assignment. He also owed something upon an automobile purchased by him, but which was no part of the property sold and upon which the vendor held a lien, and was likewise indebted to his father.

[1] In our opinion, none of these conceded facts constitutes ground for rescission of the agreement to sell the property, a transfer of which plaintiff was not entitled to until he paid the balance of the purchase price; and since he never paid or offered to pay the same, the fact that defendants did not have title to the property was not a subject of concern to him. That one may lawfully agree to sell either personal or real property to which at the time he has no title, cannot be questioned, and the want of title furnishes no ground for rescission unless, upon tender, defendant is unable to comply with the agreement; and hence, until he complied with his part of the contract by tendering the balance of the purchase price, plaintiff could not demand a conveyance, and was in no position to complain of de-

fendants' default. When the purchaser is in default of the payment of the purchase price he cannot, against the will of the seller, repudiate such contract. (*Bradford* v. *Parkhurst,* 96 Cal. 102, [31 Am. St. Rep. 189, 30 Pac. 1106]; *Glock* v. *Howard,* 123 Cal. 1, [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713].)

The provision in the contract that none of the parties thereto had any personal obligations appears by the context to have been intended to apply to obligations which would be a lien on the property. The agreement is that they have no personal obligations nor will they contract any such that would be a lien on said concessions. We construe this provision as intended to apply to obligations only which were a lien upon the property agreed to be transferred. As appears from the evidence, there were none, and even if, as claimed by appellant, such liens did exist at the time of making the agreement, nevertheless, as stated, appellant was not affected thereby, since he never paid nor tendered payment.

Under this view of the case it is apparent that plaintiff was not entitled to recover for money had and received on account of the $700 paid upon the purchase price, in accordance with the terms of the contract.

While appellant predicates error upon a number of rulings made by the court in admitting and excluding evidence, he suggests no reason for such claim and, as presented in his brief, we cannot say that any of the rulings were erroneous.

As stated, the defendants filed a cross-complaint, alleging that by reason of plaintiff's failure to comply with the terms of the contract they were damaged in the sum of $750, and as to which the court found that plaintiff's refusal to perform the agreement on his part injured the business, plans, and arrangements of defendants, and who, but for his acts, might have negotiated a sale to other parties, all to their damage in the sum of $500, for which a judgment was rendered against plaintiff. This finding is without sufficient support in the evidence, which in effect shows that by reason of plaintiff's default the defendant C. T. Houston was unable to pay the balance of the purchase price upon his automobile, the want of the use of which prevented him from reaching his place of employment on time, as a

result of which he lost his position at the shipyards; that other parties had replied to an advertisement of sale of the concessions and manifested some interest therein, but with whom, on account of plaintiff's agreement to purchase, they did not enter into negotiations; and further, that they were compelled to borrow money to carry on their business and were not treated with the same consideration by the Bayside Land Company as they had theretofore been treated. It thus appears that the damage, if any, was due to causes entirely too remote from plaintiff's default and cannot be attributable thereto. **[2]** Moreover, whether the subject of the agreement be deemed personal or real property, defendants' right to recover damages for plaintiff's refusal to complete the purchase is fixed by the provisions of the code. (See secs. 3311 and 3307, Civ. Code.)

The judgment that plaintiff take nothing by the action is affirmed; and the judgment rendered in favor of defendants upon the cross-complaint for $500 is reversed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 27, 1921.

All the Justices concurred, except Olney, J., who voted for granting of petition.