[Civ. No. 3984.  First Appellate District, Division One.—January 25, 1922.]

## GEORGE SANTIKIAN, Appellant, v. J. E. WEAKLEY, Respondent.

[1] VENDOR AND VENDEE — EXERCISE OF OPTION — REFUSAL TO CON-SUMMATE SALE—RECOVERY OF DEPOSIT.—Where an option to pur-chase real property upon certain terms and conditions is exercised by the vendees and a deposit paid to the vendor as therein pro-vided, and the vendor performs the covenants on his part to be kept and performed, the vendees are not entitled to thereafter recover the deposit upon the refusal of one of the vendees to execute the agreement of sale and consummate the purchase.

APPEAL from a judgment of the Superior Court of Fresno County.  D. A. Cashin, Judge.  Affirmed.

The facts are stated in the opinion of the court.

G. L. Aynesworth and L. N. Barber for Appellant.

Everts, Ewing & Wild and J. R. Fitch for Respondent.

RICHARDS, J.—This appeal is by the plaintiff from a judgment in favor of the defendant in an action for money had and received.  The facts of the case are these: During the year 1920 J. E. Weakley, the defendant herein, was the owner of a tract of land in the county of Madera.  The plaintiff, H. K. Santikian, and his father, Z. H. Santikian, were desirous of purchasing said land, and being so, re-quested one Paul P. David, a real estate agent, to go to said Weakley and procure from him a written option or privilege to make a sale of said lands upon the terms set forth therein.  Among the provisions in the writing which said David thus procured were the following:

"The purchase price of said property is $50,000.00 pay-able, $10,000.00 cash at the time the contract of sale herein provided for is made; $5,000.00 one year after that date; 5,000.00 two years after that date; 5,000.00 three years after that date; one-half of the remainder, four years after that date, and the balance five years after the date of said contract. . . .

"If this option be exercised, a deposit of $1,000.00 shall be paid to the first party, and he shall be notified of the acceptance of this option at that time.

"The first party agrees to obtain an abstract or certificate of title, continued to date, and submit the same to the purchaser for examination; also, prepare an agreement of sale in the full and usual form, customarily used by his attorney, containing the terms of sale herein mentioned, and general provisions in addition thereto. . . .

"If this option be not exercised on or before the 19th day of June, 1920, then the right of the second party hereunder shall cease, determine and end and this agreement shall be of no further force or effect.

"This agreement shall and does bind the parties hereto, their heirs, executors, administrators and assigns, and time is of the essence hereof."

There was a further provision in said writing wherein it was recited that a certain Japanese tenant was occupying the premises under an agreement by which he was to care for the same for the year 1920, which agreement he was to be permitted to carry out and for which he was to be paid bi-weekly. Upon the day upon which David procured this writing and immediately thereafter the Santikians, father and son, went to the law office of Mr. F. E. Cook, in Fresno, who was Weakley's attorney and agent, and there met Weakley, to whom they stated that they were the persons for whose benefit said writing had been procured and that they desired to exercise the right therein given to become the purchasers of said property according to the terms therein contained; and thereupon the plaintiff herein paid to the defendant, and the latter received, the sum of $1,000 as provided in said writing. Some effort was made at the time on the part of the Santikians to procure certain modifications of the terms of sale, but this being ineffectual, they accepted the terms thereof with the proviso that the name of Mrs. Z. H. Santikian should be included with their names as the purchasers of the property. The parties then separated and the defendant proceeded to perform the portions of said writing which were by him to be performed. These required him to furnish an abstract of the property and to prepare an agreement of sale in accordance with the terms of said writing. These, when completed, were submitted to

the attorney for the Santikians, who suggested certain slight changes in the agreement of sale, which being made, the document was signed by Weakley and his wife and by the Santikians, father and son, and was given to them to procure the signature of Mrs. Santikian. It appears, however, that George Santikian, and probably also his father, had changed their minds about going on with the transaction, since when George Santikian presented the document for his mother's signature he told her that the Japanese tenant upon the property was not going to carry out his agreement as to the proper care of the premises. This was admittedly a misrepresentation, but upon hearing it Mrs. Santikian refused to sign the agreement, whereupon the Santikians, father and son, who had already signed the same, took no further steps to carry into effect the purchase of said premises, but presently demanded the repayment of the $1,000 which George Santikian had paid to the defendant at the time of the exercise of the option or privilege to become the purchasers of the property. This demand being refused, the present action was instituted for the recovery of said sum. Upon the trial of the cause the court upon the foregoing facts gave its judgment for the defendant, from which judgment the plaintiff has prosecuted this appeal.

[1] The sole contention which the appellant makes here is that since, as he claims, the minds of the parties did not meet in an executed agreement of sale of the premises in question, he is entitled to recover back the money which he had paid. In making this contention the appellant argues that it is entirely immaterial for what reason or upon what representation, true or false, the agreement of sale was refused signature by Mrs. Santikian, one of the parties thereto, by reason of which the negotiations for the purchase of the property fell through. It is enough, according to the appellant's contention, that the said agreement of sale was never executed. We are inclined to agree with the appellant that the reason assigned for the refusal of his mother to execute said document and the consequent failure of himself and his father to complete the transaction for the purchase of the property is quite immaterial to the questions raised upon this appeal; but it does not therefore follow that the appellant is entitled to a return of the money for which this action was brought. The difficulty with the appellant's case

consists in his misconception of the nature of the transaction, in the course of which he paid the defendant the sum of money which he now seeks to recover. Such money was not paid in the course of an inchoate negotiation for the purchase of defendant's property which failed of fruition by reason of the fact that the agreement of sale was never executed. Such payment was made in the course of another transaction and in accordance with the terms of another agreement which was executed by both parties, and which the defendant upon his part has thus far fully performed. The terms of that agreement are to be found in the written option or privilege which Paul David procured from the defendant as the agent of and on behalf of the plaintiff herein. By the terms of that writing the Santikians, as the principals in interest therein, standing behind said David, could demand the right to become the purchasers of the defendant's property upon certain conditions as set forth expressly therein. One of these conditions was the payment to the defendant of the sum of $1,000 at the time of the exercise of the option or privilege of becoming the purchasers of said property. Upon the payment of said sum within the time limited for the exercise of said option the status of the parties became fixed. The Santikians gained the right to purchase said property upon the terms expressed in said writing. The defendant became bound to perform the terms thereof to be by him performed. These were to procure and submit an abstract or certificate of title to said property; to prepare a contract of sale in accordance with the terms of said writing, to accept the purchase price of the premises in installments and at the time specified in said writing, and to convey the premises described therein to the purchaser thereof according to the terms of said writing. Had the defendant on his part and after the acceptance of said money failed or refused to do the acts required to be done by him under the terms of said writing, or failed or refused otherwise to comply with the provisions thereof, the Santikians unquestionably would have had the right to compel such performance or to recover damages for such breach. It is admitted, however, that the defendant fully performed the immediate acts required to be done by him by virtue of said writing in the way of causing to be prepared and submitted an abstract or certificate of title to

the said premises, showing him to be the owner thereof, and also in the way of having prepared and submitted an agreement of sale embodying the terms of said writing, and it is also admitted that the defendant has at all times stood ready, willing, and able to go on with the performance of every portion of said agreement to be by him performed. The plaintiff, on the other hand, has admittedly failed and refused to perform his part of said agreement, giving as the sole reason therefor the refusal of his mother to sign the agreement of sale. We have therefore before us, not the case of an uncompleted negotiation for the purchase and sale of real estate in the course of which a deposit was made, and in which the minds of the parties never met, in which event plaintiff upon the authority of the cases cited by him would be entitled to a return of his deposit; but we have before us a transaction in which the plaintiff and his people exercised a certain option and privilege to become the purchasers of certain premises upon certain terms and conditions as stated therein, one of which was that he should pay to the defendant the sum of $1,000 upon payment of which he gained the right to purchase and bound the plaintiff by the obligation to sell the premises in question. The right which he thus gained he has refused to exercise. The obligation which he thus imposed upon the defendant has by the latter been fully performed. This being the position of the respective parties it is clear that under the authorities the plaintiff has no right to the recovery of the money which he paid upon an agreement which the defendant has kept, but which the plaintiff himself has failed and refused to perform. (*Bradford* v. *Parkhurst,* 96 Cal. 102 [31 Am. St. Rep. 189, 30 Pac. 1106]; *Glock* v. *Howard etc. Co.,* 123 Cal. 1 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713]; *Poheim* v. *Meyers,* 9 Cal. App. 31 [98 Pac. 65]; *Rayfield* v. *Van Meter,* 120 Cal. 416 [52 Pac. 666]; *Dennis* v. *Strassburger,* 89 Cal. 583 [26 Pac. 1070].) The cases cited by the appellant, while sound law as to the state of facts to which they relate, have no application to the situation arising out of the facts of the case at bar.

Judgment affirmed.

Tyler, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 24, 1922, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 23, 1922.

All the Justices concurred.

Lennon, J., was absent and Richards, J., *pro tem.*, was acting.