## TUFT v. BROTHERSON

No. 6702. Decided Aug. 2, 1944. (150 P. 2d, 384.)

Rehearing denied November 10, 1944.

See 5 C. J. S. Appeal and Error, Sec. 1656. 46 Am. Jur. 217.

JENSEN & JENSEN, of Ephraim, for appellant.

L. LELAND LARSON, of Manti, for respondent.

TURNER, Justice.

The defendant above named appeals from an adverse judgment for damages. The case was tried to the District Court of Sanpete County, Utah, sitting without a jury, on May 19, 1943. Findings of fact, conclusions of law and judgment in favor of plaintiff were filed November 18, 1943.

The facts are simple. The trial court, having heard the evidence, found that on August 20, 1941, plaintiff and defendant, at Gunnison, Utah, entered into an agreement for the sale by plaintiff to defendant of a certain threshing machine which then was owned by H. L. Coats and was in the possession of Coats at Gunnison; that the machine was exhibited to and inspected by defendant on Mr. Coats' premises; that the agreed price for the machine was $460; that $10 was to be paid then and there and the balance of $450 was to be paid on or before August 23, 1941, at the time of the delivery of the threshing machine by plaintiff to the defendant; that on this same day, August 20, 1941, defendant gave to plaintiff his check for $10. This check was drawn on the Sanpete Valley Bank of Mt. Pleasant, Utah; that on the day following, to wit, August 21, 1941, defendant repudiated the contract made with plaintiff and failed and refused to perform the conditions thereof; that on the day the agreement had been made and just a short time after, plaintiff herein met H. L. Coats and contracted to purchase Coats' threshing machine for $300;

that plaintiff gave Coats his check for $300; the check was postdated with the understanding that Coats would hold it and return it to plaintiff for cash at the time the defendant paid plaintiff the agreed balance for the threshing machine; that after defendant repudiated his contract with plaintiff, Coats returned the said check for $300 to plaintiff and then sold the threshing machine direct to defendant Brotherson for $325; that Coats accepted Brotherson's check in payment for the machine and delivered possession of the same to Brotherson, defendant herein, on August 22, 1941; that this sale and delivery was prior to the last day given to plaintiff in his agreement with defendant for delivery of the machine by plaintiff; that this purchase by defendant directly from Coats was made without any offer on the part of defendant to permit plaintiff to perform his contract with defendant, and thereby the acts of defendant made it impossible for plaintiff to perform the contract.

To shed further light on the factual situation, not shown in the court's findings, the testimony shows that on the day after the contracts were made between plaintiff and defendant Brotherson and between plaintiff and H. L. Coats, defendant Brotherson went from Moroni to Gunnison and contacted Coats, the owner of the threshing machine. According to the record, defendant testified that when in Gunnison he tried to locate plaintiff but was unable to. As a result of the defendant meeting Coats, he repudiated his contract with plaintiff, telling plaintiff he did not want the machine, and Coats, because of his contact with defendant, repudiated his contract with plaintiff and returned to plaintiff the latter's postdated check for $300, which he had agreed to hold, and Coats told plaintiff the "deal was off." This was done without affording plaintiff further opportunity to perform his contract with the said Coats. Direct sale of the threshing machine by Coats to defendant Brotherson was made immediately.

There are some discrepancies in the testimony, particularly as to the exact number of days allowed in the contracts

made between plaintiff and defendant and between plaintiff and Coats. The transcript of testimony also shows discrepancies as to the recollections of the various witnesses regarding their transactions. Plaintiff, the defendant and Coats were the only witnesses to testify. We have carefully examined the record and must conclude that there is sufficient competent evidence to support the findings, conclusions and judgment of the trial court. None of the discrepancies is such that when weighed by an impartial trial judge, we can rightfully question his conclusion relative thereto. This being an action at law and where the court, having the witnesses before it and being able to observe their conduct and demeanor on the witness stand, was in a much better position to pass upon the evidence than is the appellate court. Under such circumstances, where there is evidence to support the court's findings, they will not be upset on appeal.

Defendant lists twenty-two assigned errors in his brief. The great majority of these are directed to the court's findings, conclusions and judgment in favor of plaintiff. The objections thus raised are all answered by what we have said above. The remaining assignments may be summarized as follows: First, that the trial court erred in limiting cross-examination of plaintiff and in excluding certain evidence intended by defendant to prove that there were outstanding unpaid judgments against plaintiff, the purpose being to establish that plaintiff was not financially able to perform his contract with defendant; second, that the court erred in failing to find that plaintiff impliedly warranted that he would have the right to sell the threshing machine at the time title was to be transferred and that the machine was free from any charge or encumbrance in favor of any third person, and that plaintiff breached these warranties; and, third, that the court erred in denying defendant's motion to reopen the case for the purpose of introducing alleged newly discovered evidence, after the cause was submitted and before the court's decision was announced.

As to the first, no allegation of any such matter was pleaded by defendant as an excuse or justification for his repudiation of the contract; no such matter was gone into on direct examination; it was not an issue in the case; and from the very nature of the proffered evidence ■ it is apparent that it would be wholly immaterial under the facts of the case. The transaction between plaintiff and defendant and that between plaintiff and Coats were to be on a cash basis. It is true, plaintiff gave to Coats his postdated check for $300, but he explains that he had no form of contract with him and this method was resorted to as a written memorandum of the agreement. Coats made it clear that the deal was to be cash but he agreed to hold the check and the threshing machine at least until "the day after tomorrow" when he was to surrender the check to plaintiff in exchange for cash and deliver possession of the machine. The court's ruling in this connection is affirmed. *Maloney* v. *Houston et al.*, 51 Cal. App. 585, 197 P. 661, 662.

The second proposition is without merit and it is only necessary in answering it to quote the follow- ■ ing from Sec. 81-1-13, U. C. A. 1943:

"In a contract to sell or a sale, unless a contrary intention appears, there is:

"(1) An implied warranty on the part of the seller that in the case of a sale he has a right to sell the goods, and that in case of a contract to sell he will have a right to sell the goods at the time when the property is to pass. * * *"

We also quote here from the case of *Maloney* v. *Houston,* supra:

"That one may lawfully agree to sell either personal or real property to which at the time he has no title cannot be questioned, and the want of title furnishes no ground for rescission unless, upon tender, defendant is unable to comply with the agreement; and hence, until he complied with his part of the contract by tendering the balance of the purchase price, plaintiff could not demand a conveyance, and was in no position to complain of defendants' default. When the purchaser is in default of the payment of the purchase price he cannot, against the will of the seller, repudiate such contract. *Bradford* v.

*Parkhurst*, 96 Cal. 102, 30 P. 1106, 31 Am. St. Rep. 189; *Glock* v. *Howard*, 123 Cal. 1, 55 P. 713, 43 L. R. A. 199, 69 Am. St. Rep. 17."

We now dispose of the third proposition. The case was tried May 19, 1943, and at the conclusion of the testimony the trial court took the matter under advisement. On september 21, 1943, and before the court announced its decision, defendant filed a motion to reopen the case for the purpose of introducing further testimony claimed to have been newly discovered. The affidavit of the facts proposed to be testified to by another witness was attached to the motion and considered by the trial court. It is shown thereby that the proffered witness was a hired man of defendant and his proposed testimony was merely in corroboration of defendant's own testimony as to his trips to Gunnison, what was done there, and his conversations with Coats. The motion was duly argued and by the court denied on October 6, 1943.

A motion to reopen a case under the circumstances stated is addressed to the sound discretion of the trial court and in the absence of a showing that such discretion was abused, the ruling of the court should not be disturbed. 64 C. J. 161, 162, Sec. 181. We have examined the record and find no reason to disturb the trial court's ruling on defendant's motion.

The judgment of the lower court is affirmed, with costs to respondent.

WOLFE, C. J., and LARSON, McDONOUGH, and WADE, JJ., concur.