Lloyd LEWIS, Plaintiff and Respondent,

v.

Lynn S. PORTER dba Lynn S. Porter House-movers, Inc., Defendant and Appellant.

No. 14486.

Supreme Court of Utah.

Nov. 1, 1976.

George W. Preston, of Preston, Harris, Harris & Preston, Logan, for defendant and appellant.

David W. Sorenson, Logan, for plaintiff and respondent.

MAUGHAN, Justice:

Plaintiff sued to recover a sum he claimed under an agreement with defendant. Plaintiff asserted defendant owed him $11,122.30 for services rendered, and costs advanced. Upon trial to the court, plaintiff was awarded $9,078.27. Defendant appeals. We affirm, and award costs to plaintiff.

The complaint was filed on March 20, 1974, the answer April 16, 1974. Counsel for both parties signed a notice of readiness for trial which was filed October 22, 1975. Due notice, dated November 19, 1875, set the matter for trial December 3 and 4, 1975.

On the date of trial defense counsel appeared, but defendant was absent. Defense counsel moved for a continuance, representing he had advised his client of the date of trial; but the client had gone on a vacation to Hawaii. He admitted he didn't know why his client wasn't present in court. The court denied the motion.

The trial proceeded; both parties called witnesses, and presented other evidence. On the day the court signed findings of fact, conclusions of law, and judgment, defendant filed a motion to reopen for the purpose of introducing new evidence. This motion was grounded on the assertion the exact nature of plaintiff's claim was unknown, and that he didn't discover until trial certain books, documents, and records needed to be discovered. The motion was denied on the ground defendant had 20 months to discover what books, records, and documents the plaintiff was relying on to support his claim.

■ On appeal, defendant contends the court erred in denying the motion to reopen. A motion to reopen to take additional testimony when a case has been submitted to the court, but prior to the entry of judgment, is addressed to the sound discretion of the court.[1]

Defendant contends the court abused its discretion in failing to hear additional evidence concerning matters of defense to the claims of plaintiff, which were not available at the time of the trial. Specifically, his reasons are: (1) Not all of the documentary evidence had been discovered by the parties, viz, plaintiff did not have all the evidence available for his use in establishing his claim; (2) defendant's presence at the trial would have materially aided the court in reaching a decision.

■ Defendant had ample opportunity to produce his books and records to indicate his version of the transactions with plaintiff, and to be present at the trial. We discover no basis to ascribe abuse of discretion to the denial of the motion to reopen.

A court should consider a motion to reopen to take additional testimony in light of all the circumstances and grant or deny it in the interest of fairness and substantial justice.[2] Judged by this standard, the denial of defendant's motion subserves the interest of fairness and substantial justice.

■ Defendant further contends the court erred in awarding judgment against defendant as an individual. The claim is plaintiff dealt with Lynn S. Porter Housemovers, Inc., a corporation; and, therefore, defendant is neither the proper party to the action, nor the one who is liable to plaintiff.

Such a claim was not in the pleadings or advanced at trial. It is raised for the first time on appeal. Any objection to a defect of parties is waived, if not asserted by a party as provided in Rule 12(h), U.R.C.P.

HENRIOD, C. J., and ELLETT, CROCKETT and WILKINS, JJ., concur.

---

1. *Davis v. Riley*, 20 Utah 2d 325, 437 P.2d 453 (1968); *Tangaro v. Marrero*, 13 Utah 2d 290, 373 P.2d 890 (1962); *Kirkham v. Spencer*, 3 Utah 2d 399, 285 P.2d 127 (1955); *Mitchell v. Spanish Fork West Field Irrigation Co.*, 1 Utah 2d 313, 265 P.2d 1016 (1954); *Tuft v. Brotherson*, 106 Utah 499, 150 P.2d 384 (1944).

2. 6 A. Moore's Federal Practice (2d Ed.), Sec. 59.04[13] p. 59–36.