### POZZOLAN PORTLAND CEMENT CO., a Utah corporation, Plaintiff and Appellant,

v.

### Jack M. GARDNER, Defendant and Respondent.

#### No. 18812.

Supreme Court of Utah.

July 28, 1983.

---

John A. Rokich, Magna, Richard G. Mac-Dougall, Salt Lake City, for plaintiff and appellant.

Wendell E. Bennett, Salt Lake City, for defendant and respondent.

PER CURIAM:

The plaintiff filed a suit in equity against defendant, one of its directors, for an order requiring him to transfer a mineral lease issued by the State of Utah in his own name. The complaint sounded in breach of a fiduciary relationship.

After a hearing, the court ordered the transfer as requested. The court also ordered plaintiff to pay defendant $485 for the first year of the lease. The order was in the form of an unsigned minute entry dated June 5, 1980. Before it was formalized, the defendant filed a motion to proffer additional testimony to show entitlement to similar payments for years subsequent to the first year of the lease, which would aggregate about $1,800. The motion was granted. The finding and judgment (including allowance for the additional lease payments) were signed and formalized on July 19, 1982, without the court having acted on the plaintiff's objections thereto.

In September, 1982, the plaintiff moved to vacate that part of the judgment adding the amounts mentioned. As reasons, plaintiff assigned the court's failure to rule on plaintiff's objections before entry of judgment, and failure to notify of its entry before the time for appeal had expired. Recognizing the error, the court granted the plaintiff's motion to vacate the judgment at a hearing on October 12, 1982. At that time, the court denied the plaintiff's objections to the findings and decree and ordered the July judgment to be entered as of the date of the hearing—October 12, 1982. The plaintiff timely appealed therefrom and urged invalidity of the modified judgment on the grounds that under Rule 59(a), Utah R.Civ.P., evidence known by the defendant to exist at time of judgment could not be admitted as "newly discovered" evidence.

The trial court is vested with considerable discretion in a case like this.[1] The following language appears applicable and controlling:

> Like the motion for a new trial on the ground of newly discovered evidence, a motion to reopen the case to take additional testimony is normally addressed to the discretion of the trial court, and its discretionary denial or grant of the motion will be interfered with by an appellant court only for abuse ... [footnotes omitted].[2]

There was no abuse of discretion in the instant case. The trial court had erred in signing the findings and judgment while the objection thereto was still pending and undecided. It was this error that prompted the trial court to grant the plaintiff's motion to vacate the judgment. The trial court subsequently denied plaintiff's objections. By making the judgment previously entered effective as of October 12, the plaintiff was assured its right of appeal, which timely was exercised.

The judgment is affirmed, with no award of costs on appeal.

---

1. *Lewis v. Porter*, Utah, 556 P.2d 496 (1976).

2. 6A Moore's Federal Practice 59.04[13].